IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ARTHUR H. ANTWINE, | )<br>)<br>) |
| *Plaintiff*, | )<br>) |
| v. | ) Case No. 1:18-cv-706-LO-JFA<br>) |
| UNITED STATES, | )<br>) |
| *Defendant*. | )<br>)<br>) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant United States' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 7. Defendant asserts the Court lacks jurisdiction over this case because Plaintiff's claims are barred under the Federal Tort Claims Act ("FTCA") and the Civil Service Reform Act ("CSRA"). Plaintiff contends his claims are not barred because his supervisor was acting beyond the scope of her employment when she reported him for sexual misconduct.

The Court grants Defendant's motion to dismiss and dismisses Plaintiff's claims against Defendant with prejudice.

### I. Background

Arthur Antwine, proceeding *pro se*, is an employee of the United States Postal Service. In September 2017, Antwine's supervisor, Jennifer Newbegin, reported him for "workplace sexual assault." Dkt. No. 1. ¶ 1. Antwine alleges this report constituted defamation and resulted in financial hardship, marital stress, and loss of income. Dkt. No. 1, Ex. A.

Antwine filed a warrant in debt in Stafford County General District Court on February 9,

2018. Dkt. No. 1, Ex. B. On March 26, 2018, Antwine filed a bill of particulars, setting forth claims of financial hardships, marital stress, mental anguish, and defamation of character. Dkt. No. 1, Ex. A. On June 13, 2018, a notice of removal was filed in this Court. Dkt. No. 1. Five days later, on June 18, 2018, the United States was substituted as Defendant in place of Newbegin. Defendant now seeks a dismissal with prejudice for lack of subject matter jurisdiction. Plaintiff argues Newbegin was acting beyond the scope of her employment when she reported him for sexual misconduct and therefore the suit should go on against Newbegin in her personal capacity and should not be barred by sovereign immunity.

## II. Analysis

A Rule 12(b)(1) motion may attack subject matter jurisdiction where "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, dismissal under Rule 12(b)(1) is appropriate if the plaintiff cannot meet his burden of establishing a jurisdictional basis for the suit. *See id.* at 1215. When considering a Rule 12(b)(1) motion the Court must assume all facts alleged in the complaint are true. *Burke v. AT&T Tech. Servs. Co.*, 55 F. Supp. 2d 432, 436 (E.D. Va. 1999).

### A. The FTCA Applies Because Newbegin Was Acting Within the Scope of Her Employment When She Reported Plaintiff for Sexual Misconduct.

The United States and its agencies and employees are immune from suit unless Congress has explicitly abrogated such immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA is a limited waiver of sovereign immunity. Under the FTCA, the United States may be sued "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

"[T]here is no doubt under Virginia law" that a report of sexual misconduct is within the scope of employment. *Brown v. United States*, 933 F. Supp. 2d 780, 784 (E.D. Va. 2013) (Ellis,

J.).

> Reporting sexual harassment in the workplace is not an independent venture of the employee and is committed in the course of the very task assigned to the employee. It is in an employer's interest that its employees report sexual harassment and cooperate with investigations of sexual harassment to maintain a professional business environment and to avoid potential civil liability.

*Id.* at 785 (quoting *Grantham v. Durant*, 471 F. Supp. 2d 1069, 1075 (D. Nev. 2006).

Antwine argues his supervisor was acting outside the scope of her employment when she reported Antwine for sexual misconduct. Therefore, according to Antwine, the suit should continue against his supervisor in her personal capacity rather than against the United States. However, as the case law makes clear, when an employee makes sexual misconduct allegations at his place of work he is serving his employer's interests in safety, professionalism, and avoidance of civil liability. He is therefore acting within the scope of his employment.

Here, Newbegin made a report of "workplace sexual assault" against Antwine. Dkt. 1. For the reasons stated above, this report served the United States Postal Service's interests. Newbegin was acting within the scope of her employment and this case should continue against the United States, not against Newbegin in her individual capacity.

### B. This Court Lacks Subject Matter Jurisdiction over This Claim Because No Exception to the FTCA Applies.

The Court finds that it lacks subject matter jurisdiction in this case. As discussed above, Antwine's claims are claims against the United States, not against his supervisor at the United States Postal Service. The claims are thus governed by the FTCA. The FTCA explicitly deprives a court of subject matter jurisdiction over a case where a plaintiff has failed to exhaust his administrative remedies. 28 U.S.C. § 2675(a); *Patock v. Fox News Television Channel*, No. 11-974, 2012 WL 695892, at *3 (E.D. Va. Mar. 1, 2012). Antwine has not pursued such administrative remedies here, which would involve presenting his case to the United States Postal Service as an

administrative claim. *See* Dkt. 8, Ex. 1.

Even if Antwine exhausted his administrative remedies, the Court would still lack subject matter jurisdiction over his defamation claim (and alleged damages arising from it), as the United States is immune to defamation actions. *See* 28 U.S.C. § 2680(h); *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012).

Finally, because Antwine's cause of action is alleged to have arisen within the context of his Postal Service employment, his claims are preempted by the CSRA, further depriving this Court of subject matter jurisdiction to hear them. *See Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000) (holding CSRA precludes both *Bivens* actions and statutory claims arising out of a federal employment relationship).

### III. Conclusion

For the reasons stated and for good cause shown Defendant's motion to dismiss is granted. Plaintiff's claims are dismissed with prejudice. A separate Order shall issue.

_____
Liam O'Grady
United States District Judge

September 12, 2018
Alexandria, Virginia